IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01543-BNB

DONA KELLER,

    Plaintiff,

v.

PORTER HOSPITAL/CENTURA HEALTH, et al., and
CANNON COCHRAN MNG. SERV., INC., et al.,

    Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 20 2007

GREGORY C. LANGHAM
                CLERK

## ORDER OF DISMISSAL

Plaintiff Dona Keller initiated this action by filing *pro se* a Complaint. On July 27, 2007, Ms. Keller filed an amended complaint. On August 28, 2007, Magistrate Judge Boyd N. Boland ordered Ms. Keller to file a second amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. In particular, Magistrate Judge Boland noted that Ms. Keller failed in her amended complaint to set forth a short and plain statement of the grounds on which the Court's jurisdiction depends and she failed to set forth a short and plain statement of her claims showing that she is entitled to relief. On September 12, 2007, Ms. Keller filed a second amended complaint. She seeks money damages as relief.

Ms. Keller has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the second amended complaint at any time if the claims asserted are legally frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that

clearly does not exist or in which she asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the action in part as legally frivolous and the Court will decline to exercise supplemental jurisdiction over Ms. Keller's state law claims.

The Court must construe the second amended complaint liberally because Ms. Keller is representing herself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the second amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be the *pro se* litigant's advocate. *See id*.

Ms. Keller claims in this action that she was injured on the job and that she has not received adequate medical treatment for her injury. She alleges that she filed a claim for worker's compensation under state law and that she has pursued those administrative remedies. Ms. Keller contends that she has been denied fundamental fairness and adequate medical treatment during the course of the state worker's compensation process. The named Defendants in this action are Ms. Keller's former employer and the third-party administrator retained by Ms. Keller's former employer to administer worker's compensation claims.

Ms. Keller asserts three claims for relief in the instant action. She first asserts a constitutional claim in which she alleges that she has been denied her rights to life,

2

liberty, property, and the pursuit of happiness. In support of this claim she alleges that she unjustifiably has been denied the appeal process in the state worker's compensation process and that "[D]efendants are allowed to work around the rules and regulations of the Colorado Worker's Compensation process and knowingly place the injured worker at maximum medical improvement purely on speculation with no medically determined impairment." (Am. Compl. filed Sept. 12, 2007, at p.3[1].) Ms. Keller alleges that the Court has jurisdiction over this constitutional claim pursuant to 28 U.S.C. § 1331. Ms. Keller's second claim for relief is labeled "Standards of Professional Responsibility" and her third claim for relief is labeled "False Claims Act." Ms. Keller alleges that the Court has supplemental jurisdiction over her second and third claims for relief pursuant to 28 U.S.C. § 1367.

The Court will construe Ms. Keller's constitutional claim over which the Court has original jurisdiction as asserted pursuant to 42 U.S.C. § 1983. The constitutional claim will be dismissed because Ms. Keller fails to allege any facts to demonstrate that either Defendant was acting under color of state law. "[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or

---

[1] The second amended complaint filed on September 12, 2007, consists of the first two pages of the Court's nonprisoner complaint form followed by eleven pages of typewritten claims that are separately numbered as pages 1 to 11 in handwritten notations at the bottom of each page. The final page of the second amended complaint is page 6 from the Court's nonprisoner complaint form. The quoted statement appears on the actual third page of the second amended complaint, which bears a handwritten notation of page 1.

wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). The only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)).

In order to satisfy the under-color-of-state-law element, Ms. Keller must show that she was deprived of a federal right through conduct that is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). In other words,

> the party charged with the deprivation must be a person who may fairly be said to be a state actor . . . because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Id.*

Ms. Keller apparently believes that Defendants were acting under color of state law because they failed to comply with Colorado state law regarding worker's compensation claims. However, a failure to comply with state law does not transform private conduct into state action. Therefore, Ms. Keller's constitutional claim will be dismissed as legally frivolous because neither Defendant was acting under color of state law.

Finally, the Court declines to exercise supplemental jurisdiction over Ms. Keller's second and third claims for relief because the constitutional claim over which the Court has original jurisdiction will be dismissed. *See* 28 U.S.C. § 1367(c)(3). Accordingly, it is

ORDERED that the first claim in the second amended complaint is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that the Court declines to exercise supplemental jurisdiction over the second and third claims in the second amended complaint. It is

FURTHER ORDERED that the complaint, the amended complaint, the second amended complaint, and the action are dismissed.

DATED at Denver, Colorado, this 19 day of Sept., 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01543-BNB

Dona Keller
2227 W. Wesley Ave.
Englewood, CO 80110

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9-20-07

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk